***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the assignments of error and/or briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence. Accordingly, the Full Commission adopts the Decision and Order of Deputy Commissioner Rowell and enters the following Decision and Order.
 ***********
At trial before Deputy Commissioner Rowell, the following were admitted into evidence as:
 EXHIBITS
Stipulated Exhibit 1: Administrative Remedy Forms; Correspondence from Defendant.
Plaintiff's Exhibit 1: Handwritten Correspondence from Plaintiff; Receipts of Purchase
 *********** *Page 2 
Based upon all of the competent credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At all times relevant to his tort claim, Plaintiff has been incarcerated as a prison inmate in the custody and control of Defendant North Carolina Department of Correction.
2. On May 29, 2007, Plaintiff was on disciplinary segregation status (solitary confinement) at Maury Correctional Institution. Plaintiff caused a commotion after a dispute concerning one of his issued meals, and as a consequence the correctional officers on duty confiscated several items of Plaintiff's personal property and placed Plaintiff in full restraints for a number of hours. Plaintiff was later discovered to have smashed the lock on his restraints into pieces. There were at least two occasions on this date on which Plaintiff directed abusive and threatening language at facility staff.
3. In July 2007, correctional officers restored a number of items of Plaintiff's personal property to his possession. Plaintiff complained, however, that certain items of his property had not been returned, prompting an investigation by facility administrators. In Defendant's responses to Plaintiff dated between July 19, 2007 and December 28, 2007, facility staff maintained that Plaintiff admitted to receiving all of his property with the exception of a radio, which he was not permitted to have while he remained in solitary confinement. Staff further indicated to Plaintiff that it was likely he had at some point given or sold his radio to another inmate. *Page 3 
4. The Full Commission gives little to no weight to Plaintiff's testimony with regard to any property alleged to have been lost by Defendant's employees, as this testimony is not deemed credible.
 ***********
Based upon the foregoing exhibits and findings of fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty and (2) breached this duty; and (3) that this breach proximately caused (4) injury to the plaintiff. Id.
2. Based upon a review of the evidence in its entirety, it is determined that Plaintiff has failed to meet his burden of proving the negligence of any employee of Defendant, therefore, he is not entitled to recovery under the Tort Claims Act, and his claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing exhibits, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis. *Page 4 
This the 6th day of July, 2010.
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI t. MEYER COMMISSIONER *Page 1